UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 592 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| JAVONTE STOKES | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

The United States asks this Court to issue a preliminary order of forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Federal Rules of Criminal Procedure 32.2.

(a) On July 18, 2019, an indictment was returned charging defendant JAVONTE STOKES, with being a knowing felon in possession of a weapon, in violation of 18 U.S.C. § 922(g)(1). The indictment sought forfeiture to the United States of property involved in the charged offense.

(b) On September 2, 2020, pursuant to Fed. R. Crim. P. 11, defendant JAVONTE STOKES entered a voluntary plea of guilty to the indictment.

(c) Pursuant to the terms of the plea agreement and as a result of his violation of 18 U.S.C. § 922(g)(1), defendant JAVONTE STOKES agreed that certain property is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property involved in the violation of 18 U.S.C. § 922(g)(1). The property subject to forfeiture includes but is not limited to: one Taurus, model G2c, 9 millimeter semiautomatic handgun bearing serial number TLR63123, and the associated ammunition.

(d) Defendant JAVONTE STOKES has agreed to the entry of a preliminary order of forfeiture relinquishing any right, title or interest he has in the foregoing property pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) for disposition according to law.

(e) Accordingly, this Court orders that a preliminary order of forfeiture be entered against defendant JAVONTE STOKES as to the foregoing property. Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, all right, title, and interest of the defendant in one Taurus, model G2c, 9 millimeter semiautomatic handgun bearing serial number TLR63123, and the associated ammunition shall be forfeited to the United States for disposition according to law.

(f) Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the United States requests that the terms and conditions of this preliminary order of forfeiture be made part of the sentence imposed against the defendant and recited in any judgment and commitment order entered in the case. In accordance with Rule 32.2(b)(4)(A), at sentencing – or at any time before sentencing if the defendant consents – the preliminary order of forfeiture will become final as to the defendant. Pursuant to Rule 32.2(c), if a third party files a petition asserting an interest in the property to be forfeited, this Court must hold a hearing to determine his rights. Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), third parties have 30 days from the publication of notice or receipt of notice, whichever is earlier, to file a petition. The preliminary order of forfeiture will remain preliminary as to third parties until such an ancillary proceeding, if required, can be conducted under Rule 32.2(c). After disposition of all third party interests, this Court shall, upon the government's motion if appropriate, enter a final order of forfeiture for the property that is the subject of this preliminary order of forfeiture, thereby vesting clear title in the United States of America.

(g) Pursuant to 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, the foregoing property of this order shall upon entry of this preliminary order of forfeiture be seized by the Federal Bureau of Investigation.

(h) This Court shall retain jurisdiction to take such additional action and enter such further orders as may be necessary to implement and enforce this preliminary forfeiture order.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: October 26, 2020